IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GABRIEL CALIXTO PICHARDO,<br>A# xxx-xx8-473,<br><br>   Petitioner,<br><br>vs.<br><br>DAMON ACUFF, in his official capacity<br>as Warden of Pulaski County Detention<br>Center,<br>HENRY LUCERO, in his official capacity<br>as Field Office Director, Chicago Field<br>Office, U.S. Immigration & Customs<br>Enforcement,<br>And ALEJANDRO MAYORKAS, in his<br>official capacity as Secretary of the U.S.<br>Department of Homeland Security,<br><br>   Respondents. | Case No. 21-cv-1051-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

  Petitioner Gabriel Calixto Pichardo is currently in the custody of U.S. Immigration and Customs Enforcement ("ICE") and is detained at the Pulaski County Detention Center in Ullin, Illinois (Doc. 1). His Petition for a Writ of Habeas was filed on August 26, 2021. He seeks immediate release or, in the alternative, an immediate bond hearing at which the Government has the burden to justify his ongoing detention. (Doc. 1, pp. 2-3, 32).

  Calixto Pichardo makes the following allegations in the Petition: He is a 23-year-old Mexican national who was brought to the U.S. by his mother (who was fleeing abuse) at age 5. (Doc. 1, p. 4). He was granted Deferred Action for Childhood Arrivals ("DACA")

1

status at age 15 but it expired in May 2019. Calixto Pichardo attended college and maintained employment, but in late 2017 he began struggling with mental health issues, attempted suicide, and was eventually diagnosed with major depressive disorder and generalized anxiety disorder. (Doc. 1, pp. 6-7). His obsessive and threatening behavior directed at a former girlfriend resulted in criminal charges in 2018. (Doc. 1, pp. 8-9). He pled guilty to kidnapping and was sentenced to 6 years in the Illinois Department of Corrections.

On October 29, 2020, Calixto Pichardo's kidnapping conviction was vacated. He pled guilty to a lesser charge of unlawful restraint, was resentenced to time served, and was released on October 30, 2020. He complied with all the conditions of his mandatory supervised release and maintained employment. (Doc. 1, p. 10). His parole officer informed him he was being considered for early termination of supervised release.

On May 4, 2021, Calixto Pichardo was arrested on a federal charge of Improper Entry, 8 U.S.C. § 1325(a)(1). This case remains pending in this District, *United States v. Calixto-Pichardo*, No. 3:21-MJ-8106-GCS, and is set for bench trial on October 12, 2021. A detention hearing was held before U.S. Magistrate Judge Mark A. Beatty on May 17, 2021. Judge Beatty ordered Calixto Pichardo released from custody subject to conditions, which was the recommendation of the U.S. Probation Officer. (Doc. 1, pp. 11-12, 32); (Docs. 11, 12, 13 in No. 21-MJ-8106). However, Calixto Pichardo was not released and was instead transferred to ICE custody.

The Department of Homeland Security ("DHS") then charged Calixto Pichardo with removability. (Doc. 1, pp. 13-14). He is being detained pursuant to 8 U.S.C. § 1226(a).

(Doc. 1, p. 2). He sought custody redetermination (release on bond), but on June 29, 2021, the Immigration Judge ("IJ") denied release. Calixto Pichardo has appealed the IJ's decision and his appeal remains pending before the Board of Immigration Appeals ("BIA"). On August 24, 2021, Calixto Pichardo filed an application for asylum, withholding of removal, and protection under the Convention Against Torture, based on his fear of harm in Mexico on account of his severe mental illness. (Doc. 1, p. 14).

Calixto Pichardo now seeks habeas relief on the grounds that he was denied his constitutional right to due process in the immigration proceedings, because the burden of proof was improperly placed on him to demonstrate that he would not present a danger to the community or pose a flight risk. (Doc. 1, pp. 17-31). He points out that in his detention hearing in this District Court, the burden was on the government to show by clear and convincing evidence that no conditions of release would reasonably assure the safety of the community – and the government failed to do so, thus Judge Beatty ordered his release.

This matter is now before the Court for a preliminary review of the Petition. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that, upon preliminary review of the Petition by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives the Court the authority to apply the Rules to other habeas corpus proceedings, such as this action. Without commenting on the merits of Calixto Pichardo's claims, the Court concludes that the Petition survives preliminary review

under Rule 4 and a response shall be ordered.

Respondents[1] shall answer the Petition or otherwise plead on or before **September 7, 2021**.[2] This preliminary Order to respond does not preclude Respondents from raising any objection or defense they may wish to present.

Counsel for Petitioner may initiate service on all Respondents immediately.

Calixto Pichardo is **ADVISED** of his continuing obligation to keep the Clerk (and Respondents) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:  August 31, 2021

*[signature]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[1] Ordinarily, the only proper Respondent in a habeas petition is the petitioner's immediate custodian – in this case, Warden Acuff. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Kholyavskiy v. Achim*, 443 F.3d 946, 952-53 (7th Cir. 2006). Given the relief sought by Calixto Pichardo, however, the Court deems it appropriate to retain the additional federal government Respondents as parties to the action, at least at this early stage.

[2] The response date ordered here is controlling. Any date that the Case Management/Electronic Case Filing ("CM/ECF") system should generate in the course of this litigation is a guideline only.